UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PAULA GARNER,                       )
                                    )
    Plaintiff,                      )       Jury Demanded
                                    )
v.                                  )       Civil Action No. _____
                                    )
GARY DAVIS, SHAWN FAIRBANKS,        )
and BRADLEY COUNTY, TENNESSEE,      )
                                    )
    Defendants.                     )

## **COMPLAINT**

For her Complaint against Defendants Gary Davis, in his official and individual capacities; Shawn Fairbanks, in his official and individual capacities; and Bradley County, Tennessee, Plaintiff Paula Garner states:

### I. JURISDICTION

1. This is an action for violation of constitutional rights and unlawful employment practices brought under 42 U.S.C. §1983, 29 U.S.C. §206(d), and Tenn. Code Ann. §4-21-401.

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, 29 U.S.C. §216(b), and 28 U.S.C. §1367(a).

3. The actions giving rise to this Complaint occurred in Bradley County, Tennessee, and venue is proper in this district pursuant to 28 U.S.C. §1391.

### II. THE PARTIES

4. Plaintiff is a resident of Bradley County, Tennessee.

5. Defendant Gary Davis is a resident of Bradley County, Tennessee, and the Mayor of Bradley County, Tennessee.

6. Defendant Shawn Fairbanks is a resident of Bradley County, Tennessee, and the Director of Emergency Services for Bradley County, Tennessee.

7. Defendant Bradley County, Tennessee, is a Tennessee governmental entity organized under the laws of the State of Tennessee and is an "employer" as defined by the Equal Pay Act, 29 U.S.C. §203(d), and the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-102(5).

## III. FACTUAL BASES OF PLAINTIFF'S CLAIMS

8. Plaintiff was employed by Defendant Bradley County as Administrative Assistant to the Bradley County Fire Chief from April of 2004 until her termination on July 11, 2016.

9. In April of 2015, certain Bradley County Fire Department personnel sent a formal written complaint (hereinafter referred to as the "Complaint") to the Tennessee Commission on Firefighting Personnel Standards and Education (hereinafter referred to as the "Fire Commission") alleging that Fire Chief Troy Maney had fraudulently obtained various state firefighting credentials. According to the Complaint, Battalion Commander Ronnie Goss took certain state tests in Middle Tennessee, posing as Chief Maney, in order to fraudulently secure certifications on Chief Maney's behalf.

10. At the time of the Complaint, Plaintiff worked directly for Fire Chief Troy Maney and maintained Chief Maney's work calendar.

11. The Complaint specifically identified Plaintiff as the source who confirmed the whereabouts of Chief Maney and Ronnie Goss, thus corroborating the allegation that Goss had traveled to Middle Tennessee on the dates in question to fraudulently take tests for Chief Maney, who was present in Bradley County on the dates in question.

2

12. A full copy of the Complaint was published by the Chattanooga Times-Free Press newspaper in May of 2015. The newspaper article accompanying the Complaint quoted a statement from Bradley County Mayor Gary Davis that Mayor Davis was "monitoring the commission's investigation."

13. As part of the Fire Commission investigation, a state investigator contacted Plaintiff to verify certain allegations raised in the Complaint. Plaintiff and the state investigator communicated multiple times by email and telephone, and eventually, Plaintiff agreed to meet the state investigator at an off-site facility to give a detailed statement. At this off-site meeting, Plaintiff was asked by the state investigator to review signatures and handwriting on documents to determine whether the writings were made by Chief Maney. The content of the matters discussed with the state investigator were not part of Plaintiff's official job duties.

14. On June 20, 2016, as part of a settlement with the Fire Commission, Chief Maney surrendered six state firefighting certifications in order to avoid a formal hearing on charges of obtaining those certifications in a fraudulent, false or unauthorized manner.

15. On multiple occasions during the pendency of the Fire Commission investigation, Chief Maney told Plaintiff that he would retaliate against those individuals who cooperated in the investigation. Chief Maney also admonished Plaintiff for her role in the investigation, stating, "Why did you tell [the investigator] where I was?"

16. Within days of Chief Maney reaching a settlement with the Fire Commission, Mayor Gary Davis publicly announced that he was placing Chief Maney on administrative leave so that he could review the investigation documentation from the Fire Commission.

17. Soon thereafter, Mayor Davis reorganized the leadership of the Fire Department. Troy Maney was removed as Fire Chief and re-assigned to the new position of Fire Operations

3

Chief. Mayor Davis then appointed Shawn Fairbanks as the new Director of Bradley County Emergency Services.

18. Shawn Fairbanks is the nephew of Deputy Fire Chief Donnie Sullivan. Sullivan, who was loyal to Troy Maney, is a good friend of Mayor Davis. During the Fire Commission investigation, Sullivan once yelled at Plaintiff, "You are not going to do to me what you did to Troy!" When Plaintiff asked him to elaborate, Sullivan responded, "We have your emails and we know who you've been talking to."

19. On July 11, 2016, Shawn Fairbanks notified Plaintiff that her position was being eliminated as part of the Fire Department's reorganization. According to Fairbanks, Maney did not need an assistant in his new role. Fairbanks then instructed Plaintiff to meet with Mayor Davis that afternoon.

20. When Plaintiff met with Mayor Davis, he insisted that the decision to fire Plaintiff was made by Fairbanks. However, Fairbanks informed Plaintiff that Mayor Davis instructed him to fire her. In the July 11, 2016 meeting, Mayor Davis insisted that Plaintiff immediately sign a separation and release of legal claims agreement before leaving his office. When Plaintiff protested, the County Attorney, who was present at the meeting, allowed Plaintiff to take the separation agreement home without signing it.

21. Plaintiff spoke with Fairbanks on the evening of her termination. In that conversation, Fairbanks denied involvement in the decision to fire her and insisted that Mayor Davis was entirely responsible for the termination decision. When Plaintiff pressed Fairbanks about the connection between her termination and her involvement in the Fire Commission investigation, Fairbanks avoided giving an answer.

22. Despite the title of Fire Operations Chief, Troy Maney is performing essentially the same job duties as Plaintiff did as Administrative Assistant to the Fire Chief. Maney's new job duties include handling incoming telephone calls, maintaining files, communicating with water utility districts about water usage, compiling statistical information for insurance purposes, handling maintenance requests, collecting requisitions for payment, ordering supplies, drafting reports, issuing equipment and uniforms, and other routine clerical work. All of these duties were once performed by Plaintiff. In fact, on several occasions, Shawn Fairbanks has referred to Troy Maney as his secretary.

23. While Troy Maney's duties are virtually identical to Plaintiff's old job duties, Maney, who is male, is paid a substantially higher salary than Plaintiff, who is female, was paid for performing the same duties.

24. Within two weeks of being fired, Plaintiff timely applied for two vacant positions posted by Bradley County. The first position was an administrative assistant position in the Parks and Recreation Department. Plaintiff was uniquely suited for this position because she had personally set up accounting software for the department and trained the former administrative assistant on the software. The second position for which Plaintiff applied was that of Building Inspector. Plaintiff met the minimum qualifications, and Bradley County allowed up to one year for the successful candidate to be certified by the state.

25. In addition to submitting applications for these two county positions, Plaintiff's counsel on July 20, 2016, specifically communicated Plaintiff's interest in these positions with the Bradley County Attorney. During the conversation between Plaintiff's counsel and the Bradley County Attorney, Plaintiff's counsel referenced the unlawful nature of Plaintiff's termination.

5

Case 1:17-cv-00193-PLR-SKL   Document 1   Filed 07/07/17   Page 5 of 8   PageID #: 5

26. Despite being well qualified for these positions, Plaintiff was neither interviewed nor hired for either position.

## V. PLAINTIFF'S CLAIMS

Count One: First Amendment Retaliation / 42 U.S.C. §1983

27. Defendants Gary Davis and Shawn Fairbanks deprived Plaintiff of her First Amendment Free Speech rights secured by the United States Constitution while acting under color of state law by retaliating against Plaintiff because of her constitutionally protected speech.

28. By cooperating with the Fire Commission investigator, Plaintiff was engaged in constitutionally protected speech inasmuch as her testimony addressed the Fire Chief's blatant fraud in obtaining firefighting certifications, which is a matter of public concern. Moreover, Plaintiff's testimony given to the Fire Commission investigator was not given pursuant to her official duties as Administrative Assistant to the Fire Chief, but instead as a concerned private citizen.

29. Plaintiff's constitutionally protected speech did not disrupt the workplace and Defendants have no legitimate competing interest in prohibiting it for the Court to balance under Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cty., Illinois, 391 U.S. 563, 568 (1968).

30. Plaintiff suffered adverse employment actions – termination and denial of employment – that would chill an ordinary person in the exercise of his constitutional rights.

31. Plaintiff's speech was a substantial or motivating factor in the adverse employment actions that she suffered.

32. Defendants Gary Davis and Shawn Fairbanks subjected Plaintiff to adverse employment actions in violation of the First Amendment to the United States Constitution and 42 U.S.C. §1983.

33. The unlawful conduct of Defendants Davis and Fairbanks was undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

34. The unlawful conduct of Defendants Davis and Fairbanks harmed and caused damage to Plaintiff in the form of lost income, career opportunities, health insurance and other fringe benefits of county employment, as well as emotional grief, stress, and humiliation.

Count Two: Equal Pay Act Claim

35. Defendant Bradley County violated the Equal Pay Act, 29 U.S.C. § 206(d), by paying Plaintiff substantially less than Troy Maney, a male employee, who performs similar work under similar working conditions in his new role as Operations Fire Chief.

36. As a result of Defendant Bradley County's wrongful conduct, Plaintiff has suffered lost pay and benefits, as well as emotional grief, stress, and humiliation.

Count Three: Tennessee Human Rights Act

37. Defendant Bradley County paid Plaintiff disproportionately less money for performing the same type of work as a male comparator, Troy Maney, because of Plaintiff's sex. Thus, Defendant Bradley County is in violation of Tenn. Code Ann. §4-21-401(a).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b. That Plaintiff be awarded back pay and all lost benefits of employment;

7

Case 1:17-cv-00193-PLR-SKL   Document 1   Filed 07/07/17   Page 7 of 8   PageID #: 7

c. That Plaintiff be awarded damages to compensate Plaintiff for emotional grief, stress, and humiliation caused by Defendants' unlawful actions;

d. That the Court issue an injunction requiring Defendants to re-employ Plaintiff at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge, and without harassment or illegal condition imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

e. That Plaintiff be awarded liquidated damages pursuant to the Equal Pay Act;

f. That Plaintiff be awarded pre-judgment interest;

g. That Plaintiff be awarded attorney fees and costs, and such other and further relief as the Court deems proper;

h. That Plaintiff recover punitive damages from Defendants Gary Davis and Shawn Fairbanks; and

i. That a jury try all claims and issues triable by a jury.

**BURNETTE, DOBSON & PINCHAK**

By: *s/ Frank P. Pinchak*
Frank P. Pinchak, BPR No. 2094
Doug S. Hamill, BPR No. 22825
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, Tennessee 37402
Tel: (423) 266-2121
Fax: (423) 266-3324
fpinchak@bdplawfirm.com
dhamill@bdplawfirm.com